NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ROBERT L. NUTTER, | Civil Action No.: 17-1341 (CCC-MF) |
| Plaintiff, | |
| v. | OPINION |
| NEW JERSEY DEPARTMENT OF MILITARY AFFAIRS AND VETERANS AFFAIRS; NEW JERSEY NATIONAL GUARD AND/OR NATIONAL GUARD, | |
| Defendants. | |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of the New Jersey Army National Guard and the National Guard of the United States (collectively, the "National Guard Defendants") to dismiss the Complaint (ECF No. 1-Ex. A ("Compl.")) of Robert L. Nutter ("Plaintiff"). (ECF No. 7-1 ("Mot.")). The Court has considered the submissions made in support of and in opposition to the instant motion. (ECF Nos. 17 ("Opp'n"), 19 ("Reply")). The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is **GRANTED**.

II. **BACKGROUND**

Plaintiff was previously a member of the New Jersey National Guard ("NJNG"), serving as a military technician with the rank of Sergeant First Class in a "dual status" role. (Compl. ¶¶ 1-3). Plaintiff states that during his tenure at the NJNG, he observed numerous incidents of "stealing and/or misappropriation of property by other members of the National Guard," as well as "sexual

1

harassment and/or religious discrimination against other members." (*Id.* ¶¶ 8-9). Plaintiff additionally states that he "observed and reported safety violations and and/or hazardous work conditions/environment and/or hostile work environment (including retaliation)." (*Id.* ¶ 10). Plaintiff maintains that he thereafter "cooperated with an investigation" regarding these alleged observations. (*Id.* ¶ 11). Plaintiff avers that, upon learning of his cooperation, the National Guard Defendants "retaliated against [him]," created a hostile work environment and "wrongfully interfered with . . . [his] employment and/or job responsibilities." (*Id.* ¶¶ 12-15).[1] Plaintiff further contends that this retaliation caused him to "suffer stress [and] anxiety." (*Id.* ¶ 13).[2]

On August 12, 2016, Plaintiff filed suit in the Superior Court of the State of New Jersey, Sussex County, alleging violations of Title VII of the Civil Rights Act, as well as New Jersey's Conscientious Employee Protection Act, and seeking monetary damages. (*See generally id.*). The New Jersey Department of Military and Veterans Affairs[3] properly removed the case to this Court

---

[1] The Court notes that the National Guard Defendants' Motion to Dismiss paints a far different picture of the instant dispute's factual basis. Namely, the National Guard Defendants maintain that a female member of the National Guard, referred to as Sergeant K.B., "filed a military equal employment opportunity ("EEO") complaint against Plaintiff accusing him of sexually harassing her on multiple occasions, as well as reprisal." (Mot. at 4). Following an internal military investigation, Lieutenant Colonel Edward Dowgin "proposed terminating Plaintiff's employment for insubordination, sexual harassment, and conduct unbecoming of a National Guard technician[.]" (*Id.*). Colonel David Majury accordingly "issued a decision removing Plaintiff from federal service," and informed Plaintiff "that he had a right to appeal his removal to the Adjutant General for the NJ National Guard within 20 calendar days." (*Id.* at 5). Plaintiff allegedly failed to exercise this right, which resulted in his removal becoming "effective [on] December 9, 2015." (*Id.*). In his Opposition, Plaintiff states that he "disputes the alleged basis for the termination and believes this was done in retaliation." (Opp'n at 3).
[2] The Court also notes that Plaintiff's Opposition includes new, more detailed factual allegations concerning the alleged reasons for his termination. (*See* Opp'n at 2-3). The Court declines to consider these allegations, however, under the long-standing rule "'that [Plaintiff's] complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted).
[3] Plaintiff's claims against the New Jersey Department of Military and Veterans Affairs were dismissed on May 16, 2017 without prejudice pursuant to a joint stipulation. (ECF No. 16).

2

on February 27, 2017, with the National Guard Defendants' consent. (ECF No. 1). On March 24, 2017, the National Guard Defendants thereafter filed a Motion to Dismiss or, in the alternative, for Partial Summary Judgement, primarily contending that Plaintiff's claims are barred under the *Feres* doctrine and/or fail to state a viable legal claim. (*See generally* Mot.). Plaintiff filed his Opposition on May 22, 2017, with the National Guard Defendants filing a Reply on May 30, 2017.

### III. **LEGAL STANDARD**

Courts must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) if the court determines that it lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

The first step in evaluating a 12(b)(1) motion is determining whether the 12(b)(1) motion presents a facial attack or a factual attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). For facial attacks, "the court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). For factual attacks, however "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations . . . [and] the plaintiff will have the burden of proof that jurisdiction does in fact exist."[4] *Id.*

---

[4] "Here, the National Guard Defendants present a factual challenge to the Court's subject matter jurisdiction." (Mot. at 7).

3

## IV. DISCUSSION

The National Guard Defendants contend that Plaintiff's claims are barred by the *Feres* doctrine, and that the Court consequently lacks subject matter jurisdiction over Plaintiff's claims. The *Feres* doctrine, or the doctrine of intra-military immunity, arises from the Supreme Court's original holding in *Feres v. United States*, 340 U.S. 135 (1950) "that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146. The Court later observed that its decision was predicated upon the "[t]he peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty." *United States v. Brown*, 348 U.S. 110, 112 (1954). In *Chappell v. Wallace*, 462 U.S. 296 (1983), the Court further expanded the *Feres* doctrine's reach in holding "that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Id.* at 305. Indeed,

> [w]ithout exception, in other post-*Feres* cases, the Court has adhered to the compelling necessity of maintaining military discipline as the basis for expanding the intra-military immunity doctrine to encompass a variety of claims, against an assortment of defendants, brought by a range of servicemen, for injuries arising out of, or in the course of activity incident to, military service.

*Matreale v. N.J. Dep't of Military & Veterans Affairs*, 487 F.3d 150, 153 (3d Cir. 2007); *see also Chappell*, 462 U.S. at 300 ("Civilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers."). Accordingly, the Third Circuit, along with "every court of appeals considering the issue[,] has held that the *Feres* doctrine bars uniformed military personnel from bringing discrimination claims under Title VII and other discrimination statutes."

4

*Willis v. Roche*, 256 F. App'x 534, 536 (3d Cir. 2007). The Third Circuit has additionally clarified that "the *Feres* doctrine bar[s] employment discrimination claims by a member of the New Jersey Army National Guard under the New Jersey Law Against Discrimination." *Id.* (citing *Matreale*, 487 F.3d at 150).

This analysis is somewhat more complicated where plaintiffs are "not on active military duty, but instead hold[] a position requiring performance of both military and civilian job duties," otherwise known as hybrid or "dual status" employees.[5] *Willis*, 256 F. App'x at 536. The Third Circuit has, however, endorsed the expansion of the *Feres* doctrine to encompass "claims by hybrid employees if their claims arise in whole or in part out of the military aspects of the claimant's job." *Id.* at 537. "Therefore, exempted from the *Feres* bar are only those claims that 'arise purely from the civilian aspects of [a plaintiff's] job,'" *Tucker v. Wynne*, No. 08-4390, 2009 WL 2448520, at *3 (D.N.J. Aug. 10, 2009), and the relevant inquiry is "whether [Plaintiff's] discrimination claims arise "purely from [his] . . . civilian position." *Willis*, 256 F. App'x at 537; *see also Tucker*, 2009 WL 2448520, at *3 ("[A] plaintiff must show that his challenge of his superior officer's conduct does not infringe upon the military rank relationship.").

Here, the Court finds that Plaintiff's claims do not arise solely from his civilian role. First, Plaintiff "was required to maintain active National Guard status in order to retain his position as a military technician" pursuant to the National Guard Technicians Act. (Mot. at 14; *see also* 32 U.S.C. § 709). Second, Plaintiff's role as a military technician primarily involved "performing maintenance and overhaul of a variety of combat and tactical vehicles and equipment," (Mot. at 14), which is inherently "tied to the military chain of command." *Tucker*, 2009 WL 2448520, at

---

[5] Neither party disputes that Plaintiff was a "dual status" employee for the purposes of this Motion. (Compl. ¶ 1; Mot. at 1).

5

*4. Plaintiff additionally undertook these duties at a military facility, Picatinny Arsenal. (Mot. at 14). Third, and of greatest import, is that Plaintiff's Complaint essentially revolves around his claim that he cooperated with a military investigation and that, as a result, his military superiors retaliated against him. (Compl. ¶¶ 11-16). Courts in this district have clearly held that "challenging the conduct of a superior officer . . . infringes upon the military rank relationship," thereby invoking the *Feres* doctrine. *Urie v. Roche*, 209 F. Supp. 2d 412, 417 (D.N.J. 2002). Indeed, "[t]o parse the nature of the relationship between Plaintiff and [his superiors], as well as the other superior officers . . . [involved in] the alleged discrimination, 'would itself threaten to intrude into their military relationship.'" *DiGiorgio v. New Jersey*, No. 08-2444, 2009 WL 1883913, at *4 (D.N.J. June 29, 2009). In addition, "Plaintiff has not sought injunctive relief in this lawsuit, but has only pleaded damages claims, which the Third Circuit has held may be properly dismissed in cases brought by National Guard technicians pursuant to 42 U.S.C. § 1983."[6] *Urie*, 209 F. Supp. 2d at 417. The Court must accordingly dismiss Plaintiff's claims.

## V. CONCLUSION

In sum, because Plaintiff's claims do not arise solely from his civilian role, but rather are integrally tied to the military aspect of his employment as a dual status employee, the Court lacks jurisdiction under the *Feres* doctrine of intra-military immunity. Plaintiff's claims are therefore dismissed without prejudice. An appropriate Order accompanies this Opinion.

Date: Jan 30, 2018

CLAIRE C. CECCHI, U.S.D.J.

---

[6] Plaintiff's bare request for "any further relief this Court deems equitable and just" is insufficiently detailed to allow the Court to discern any request for specific, concrete injunctive relief in this matter. (Compl. ¶ 16). If Plaintiff in fact seeks such injunctive relief, Plaintiff must adequately plead the requested remedy in an amended complaint.